# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR HOLDINGS INC. | CIVIL ACTION |
| VERSUS | NO: 06-4685 |
| COMMONWEALTH INSURANCE COMPANY, ET. AL. | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 58) regarding the interpretation of the insurance contract and whether for a single occurrence[1] such as Hurricane Katrina, a single deductible or multiple deductibles (per peril, i.e. flood, windstorm, etc) applies. This Court heard oral argument on the motion on December 10, 2008.[2] Subsequently, this Court held that based on the ambiguity of the contract, only a single deductible should be assessed. (Rec. Doc. 68). The Court also requested additional briefing from the parties on which deductible, the one pertaining to flood or named windstorm, should apply in this case. (Id.). Based on the record in this case, the arguments and memoranda by parties, and the applicable law, the Court GRANTS plaintiff's motion for the following reasons and finds that the Named Windstorm deductible applies in this case.

---

[1] Both parties agree that an event such as Hurricane Katrina is considered a "single occurrence."

[2] The Court was originally presented with cross-motions for summary judgment and heard oral argument on both. (Rec. Doc. 67).

**LAW AND ANALYSIS**

This is a case of pure contract interpretation. As such, "[w]hen the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art.2046. If there is ambiguity in an insurance policy, it must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions. *See* LSAC.C. art.2050; *Louisiana Ins. Guar. Ass'n*, 630 So.2d 759 (La. 1994). Ambiguity will also be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered. *Breland v. Schilling*, 550 So.2d 609, 610-11 (La. 1989).

Section A2 of the insurance contract states, in pertinent part:

> **2. Deductible**
> Each occurrence resulting in a claim for loss shall be adjusted separately and the Company's liability shall be limited to that amount by which the loss exceeds the deductible amounts shown hereunder, up to the applicable Limit of Liability.
>
> (c) In respect of loss caused directly by the peril of Windstorm, as defined: $25,000; **except**
> (d) In respect of loss caused directly by the peril of "Named Windstorm", as defined, 3% of the total insurable values required to be declared **for all coverages combined**, at each location for which indemnity is being claimed hereunder subject to a minimum of $50,000 per occurrence.
> (e) In respect of loss caused directly by the peril of Flood, as defined: $25,000; except Flood Zones A and V, excess maximum National Flood Insurance Program (NFIP) limits available regardless of whether or not coverage under NFIP is purchased.
> (f) In respect of loss caused by or resulting from any other peril(s): $25,000

(Insurance Policy at 4)(emphasis added).

The Court finds that the "Named Windstorm" deductible includes all damages based solely

on the written contract.[3] Subsection (d) creates a percentage-based deductible, based on the total values "for all coverages combined." "Coverage" is defined as the "inclusion of a risk under an insurance policy; the risks within the scope of an insurance policy." BLACK'S LAW DICTIONARY 394 (8th ed. 2004). Therefore, the Court interprets the percentage-based deductible to be based on the total insurable values (i.e. the amount of risk declared within the scope of the policy) under plaintiff's policy, including coverages for flood and wind-related damage. In addition, as noted previously by the Court, the references to "total" and "all" suggest that unlike the "windstorm" deductible, the "named windstorm" deductible would cover all damages caused by the "named windstorm," including flood. In contrast, for single-peril deductibles - such as flood or windstorm - a set amount is listed, regardless of the declared values.

Based on the above legal interpretation of the contract, as between the two deductibles, only the "named windstorm" deductible can have included all of the damage incurred. The parties agree that plaintiff's damages include flood-related damage and wind-related damage. Although the definition of flood includes "wind-driven" water, the Court finds that provision to be inapplicable to a "named windstorm," since "named windstorm" includes damages from all perils.

In short, the "named windstorm" provision - as evidenced by the different deductible structure that specifically references all declared insurable values for all coverages - encompasses all related damages arising from the occurrence of a tropical storm or hurricane. The different

---

[3] The Court, in an abundance of caution, had also requested briefing on whether the efficient proximate cause test applied to determining the proper deductible. As this opinion relies solely on the terms of the contract, the Court does not need to decide whether that test applies in this instance.

deductible structure specifically acknowledges the greater risk and possibility of damages arising from multiple perils.

**CONCLUSION**

Accordingly,

**IT IS ORDERED that plaintiff' Motion for Partial Summary Judgment (Rec. Doc. 58) is GRANTED.** SEACOR's Hurricane Katrina and Hurricane Rita claims are each subject to reduction by only one deductible for the peril of a Named Windstorm.

**IT IS FURTHER ORDERED that, as previously notified by the Court, the status conference set for March 12, 2009 is CANCELED.** Either party may request a status conference following issuance of this opinion by written motion stating the reasons therefore.

New Orleans, Louisiana, this 26th day of March, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE