# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR HOLDINGS INC. | CIVIL ACTION |
| VERSUS | NO: 06-4685 |
| COMMONWEALTH INSURANCE COMPANY, ET. AL. | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is defendant Commonwealth Insurance's Motion for Partial Summary Judgment regarding the application of the flood sub-limit to plaintiff's alleged damages. (Rec. Doc. 86.) Plaintiff opposes. (Rec. Doc. 93.) Based on the record in this case, the memoranda by parties, and the applicable law, the Court denies defendant's motion for the following reasons.

**LAW AND ANALYSIS**

The question presented by defendant's motion is a matter of pure contract interpretation: does the flood sub-limit on liability apply in this case. As such, "[w]hen the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art.2046. If there is ambiguity in an insurance policy, it must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions. *See* LSAC.C. art.2050;

*Louisiana Ins. Guar. Ass'n*, 630 So.2d 759 (La. 1994). Ambiguity will also be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered. *Breland v. Schilling*, 550 So.2d 609, 610-11 (La. 1989).

    Section A3 of the insurance contract states, in pertinent part:

> **3. Limit of Liability**
> The Company's liability for the cumulative total of adjusted net claims resulting from any one loss, casualty, disaster or occurrence (including all costs, fees, charges and expenses) shall not exceed $10,000,000.
>
> Without increasing the policy limit, it is agreed that:
> (a)    Loss caused by the peril of Flood, as defined, is subject to an Annual Agggregate Limit of Five Million dollars ($5,000,000);

(Insurance Policy, Rec. Doc. 86-3 at 5.)

    This Court has issued two previous opinions in this matter. The first held that as the insurance contract was ambiguous with regard to whether multiple deductibles could be applied for multiple perils arising from a single occurrence, the contract must be interpreted in favor of the insured and therefore only one deductible could be assessed. (Rec. Doc. 68.) The second opinion held that of the deductibles for "flood" and "named windstorm," the "named windstorm" deductible applied because only the "named windstorm" deductible can have included all of the damages sustained. (Rec. Doc. 84) In so finding, the Court specifically noted that the percentage-based deductible for a "named windstorm" as compared to the flat rate deductible for flood, "specifically acknowledges the greater risk and possibility of damages arising from multiple perils." (Id. at 4.)

    Based on the contract and this Court's prior interpretation of the relevant provisions,

2

the Court finds that the Limit of Liability arising from the peril of flood does not apply in this case. First, the relevant peril for purposes of the deductible is the "named windstorm" peril. The "named windstorm" peril may contain within it multiple types of damages such as flood or windstorm. Second, the deductible structure for a "named windstorm" recognizes the possibility of greater risk and damages unlike the flat deductible for flood. Where a flat deductible is applied, a flat limit on liability up to a certain amount is logical and consistent. But where, as here, you have a percentage-based deductible, i.e. the higher the damages, the higher the deductible, a cap on damages based on - or tied to - the flat deductible would not appear consistent. Third, as this Court previously held, the definition of flood in this case is inapplicable. "Although the definition of flood includes 'wind-driven' water, the Court finds that provision to be inapplicable to a 'named windstorm,' since 'named windstorm' includes damages from all perils." (Rec. Doc. 68 at 3.)

**CONCLUSION**

Accordingly,

**IT IS ORDERED that defendant's Motion for Partial Summary Judgment (Rec. Doc. 86) is DENIED.**

New Orleans, Louisiana, this 17th day of August, 2009.

                                                     **HELEN G. BERRIGAN**
                                                   **UNITED STATES DISTRICT JUDGE**