# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEACOR HOLDINGS INC. | CIVIL ACTION |
| VERSUS | NO: 06-4685 |
| COMMONWEALTH INSURANCE COMPANY, ET. AL. | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is defendant's Motion for Reconsideration (Rec. Doc. 148) of the Court's denial of partial summary judgment regarding plaintiff's "bad faith claims" and defendant's Motion in Limine to exclude the testimony of plaintiff's witness Frank Brown. (Rec. Doc. 146).

Based on the record in this case, the arguments and memoranda by parties, and the applicable law, the Court GRANTS defendant's Motion for Reconsideration for the following reasons. Defendant's Motion in Limine is rendered MOOT.

## LAW AND ANALYSIS

Plaintiff Seacor argues that Commonwealth inconsistently interpreted two similar insurance policies, and that this inconsistency constitutes bad faith and subjects Commonwealth to statutory penalties. (Rec. Doc. 153). At issue are the deductible provisions of the two policies–one for Seacor and one for Six Flags. The Six Flags policy included the disclaimer "[i]f loss arising out of one Occurrence is subject to any combination fo deductibles, then the amount to be deducted shall be the larger of . . ." The Seacor policy included no such disclaimer. (*See* Rec. Doc. 156-3). Commonwealth interpreted this difference to allow for the application of multiple deductibles. The

1

Court disagreed, and granted Plaintiff's motion for partial summary judgment in March 2009. (Rec. Doc. 84). Defendant Commonwealth filed its Motion to Dismiss Bad Faith Claims on August 4, 2009. (Rec. Doc. 121). This court heard oral argument on August 19, 2009, and denied defendant's motion. (Rec. Doc. 144). At the hearing, the Court indicated that it felt Commonwealth's interpretation of its deductible provision was reasonable, albeit erroneous. The Court went on indicate its belief that whether the interpretation of the provision amounted to bad faith was nonetheless a fact question, appropriate for the jury. However, upon further review of the law and the parties' briefings, the Court is convinced that summary judgment on this question is warranted.

Louisiana Revised Statutes § 22:658 states that when an insurer fails to pay a claim within thirty days from submission of proof of loss, and when such failure is found to be "arbitrary, capricious, or without probable cause," the insurer shall be subject to a penalty of ten percent of the claim amount, plus reasonable attorneys' fees. The Fifth Circuit has interpreted the statute to be limited in scope: an unfavorable opinion by the court as to policy interpretation does not automatically subject insurers to penalties. *Morey v. Western American Specialized Transport Services*, 968 F.2d 494, 499 (5th Cir. 1992). In *Morey*, the court held that the insurers interpretation was not "so unreasonable" as to support a finding that the insurer violated the statute. *Id.* The court further noted the plaintiffs had failed to introduce any evidence that the insurer acted arbitrarily, capriciously, or without probable cause. Similarly, in *Woods v. Dravo Basic Materials Co., Inc.*, 887 F.2d 618 (5th Cir. 1989), the Fifth Circuit affirmed a Louisiana District Judge's determination that an insurer's policy interpretation was reasonable and not subject to bad faith penalties. *Id.* at 623-24. The *Woods* court also cautioned that bad faith penalties "should not be invoked where the

insurer had a reasonable basis for denying defense or coverage." *Id.* at 623 (quotations omitted).

Here, the Court has determined the policy interpretation was not unreasonable. Plaintiff's only proffered evidence to support their bad faith claim is that the policy was interpreted differently from a comparable but differently worded policy. (*See* Rec. Docs 153 at 6-7, 156-3 at 3-4). This does not create a genuine issue of material fact sufficient to preclude summary judgment.

Thus, even reviewing the facts in the light most favorable to the policyholder, the Court finds that no reasonable juror could return a verdict in favor of the policyholder on the bad faith claims. As a matter of law, Seacor is not entitled to recover penalties or attorneys' fees, and Commonwealth is entitled to summary judgment.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Commonwealth's Motion for Reconsideration is GRANTED and Commonwealth's Motion in Limine is MOOT.

New Orleans, Louisiana, this 29th day of September, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE